IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| CARMEN L. SMITH, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| RAUSCH, STURM, ISRAEL & HORNIK, S.C.,P.C., | : | |
| Defendant. | : | |

## COMPLAINT

Carmen Smith, by her attorney Ray Johnson, for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Carmen Smith, is a natural person residing in Des Moines, Iowa.

4. Defendant Rausch, Sturm, Israel & Hornik is a debt collection law firm that does business in Iowa.

## IV. FACTUAL ALLEGATIONS

5. Defendant is attempting to collect an alleged debt that originated from Target National Bank.

6. On or about October 16, 2008, Defendant filed a lawsuit against Smith on behalf of Target National Bank.

7. On December 6, 2008, Smith's attorney served and mailed for filing an answer to the lawsuit.

8. Defendant sent a letter directly to Smith dated December 11, 2008, but not received by Smith until December 15, 2008, informing her of it and Target's intent to file a written application for default. At that time, Defendant and Target knew or should have known that Smith was being represented by an attorney and all communications regarding the case were to be directed to Smith's attorney, and Defendant and Target knew or should have known it had no legal right to default Smith, since her answer had been filed.

## V. FIRST CLAIM FOR RELIEF

9. Defendant violated the FDCPA. Defendant's violations include, but are not Limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting Smith when it was known, or should have been known, that she was being represented by an attorney.

10. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

11. All facts and allegations of this Complaint are incorporated herein by reference.

12. Defendant violated Iowa's Debt Collection Practices Act. Defendant's violations include but are not limited to:

   a. Defendant violated Iowa Code § 537.7103(1)(f) by threatening to take an action prohibited by this chapter or any other law, including the threat to take a default when it had no legal right to do so.

   b. Defendant violated Iowa Code § 537.7103(5)(e) by contacting Smith when it was known, or should have been known, that she was being represented by an attorney.

13. As a result of the above violations of the Iowa Code, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

   A. Actual damages.

   B. Statutory damages.

   C. Costs and reasonable attorney's fees.

   D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com